Sampson Martinez, Attorney
Professional Corporation
Post Office Box 2415
205 South Second Street
Gallup, New Mexico 87301
Phone: (505) 726-1218
Fax: (505) 726-1219

Attorney for the Estate of Sybil Baldwin

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT ARIZONA**

| | |
|---|---|
| Daniel Felix and Dorthy Felix,<br><br>    Plaintiffs,<br><br>vs.<br><br>Pic-N-Run, Inc., and Arizona Corporation, Milan Building Associates, Inc., a Texas Corporation, Stella Jeanette Eldridge, Vernon W. Eldridge, The Environmental Protection Agency, an agency of United States Federal Government, the Navajo Nation, the Navajo Nation Environmental Protection Agency, an agency of the Navajo Nation, Spencer Riedel, Service Station Equipment & Sales Co. Inc., an Arizona Corporation, the Estate of Sybil Baldwin,<br><br>    Defendants. | **Case No. CV-09-8015-PCT-JAT**<br><br>**ANSWER, DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS AGAINST PIC-N-RUN AND OTHERS** |

COMES NOW, Walter Baldwin answers the Amended Complaint (herein as "complaint") on behalf of the Estate of Sybil Baldwin (herein-referenced as "Defendant Estate"), and states:

Defendant denies each and every allegations contained in the First Amended Complaint, except as hereinafter may be expressly admitted.

In response to the numbered paragraphs and sentences of the complaint, defendant admits, denies or otherwise response as follows:

1. Defendant Estate admits paragraph 1.

2. Defendant Estate admits paragraph 2

3. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 3 and therefore denies paragraph 3.

4. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 4 and therefore denies paragraph 4.

5. Defendant Estate admits paragraph 5.

6. Defendant Estate admits paragraph 6.

7. Defendant Estate admits paragraph 7.

8. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 8 and therefore denies paragraph 8.

9. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 9 and therefore denies paragraph 9.

10. Defendant Estate admits paragraph 10.

11. Defendant Estate denies paragraph 11.

12. Defendant Estate admits that the statutes describe jurisdiction but denies jurisdiction.

13. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 13 and therefore denies paragraph 13. The incident occurred on the Navajo Nation.

14. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 14 and therefore denies paragraph 14.

15. Defendant Estate admits to the existence of the statutes but denies jurisdiction.

16. Defendant Estate admits paragraph 16.

17. Defendant Estate admits paragraph 17.

18. Defendant Estate admits paragraph 18.

19. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 19 and therefore denies paragraph 19.

20. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 20 and therefore denies paragraph 20.

21. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 21 and therefore denies paragraph 21.

22. Defendant Estate admits paragraph 22 pertaining to the filing of the complaint in tribal court. It is however without knowledge or information sufficient to form a belief as to the truth of paragraph 22 for the remaining sentences, and therefore denies paragraph 22.

23. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 23 and therefore denies paragraph 23.

24. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 24 and therefore denies paragraph 24.

25. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 25 and therefore denies paragraph 25.

26. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 26 and therefore denies paragraph 26.

27. Defendant Estate denies paragraph 27.

28. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 28 and therefore denies paragraph 28.

29. Defendant Estate admits that the Navajo Nation is the owner of the property but denies the remaining sentences.

30. Defendant Estate denies paragraph 30.

31. Defendant Estate admits paragraph 31.

32. Defendant Estate admits paragraph 32.

33. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 33 and therefore denies paragraph 33.

34. Defendant Estate denies paragraph 34.

35. Defendant Estate denies paragraph 35.

36. Defendant Estate denies paragraph 36.

37. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 37 and therefore denies paragraph 37.

38. Defendant Estate denies paragraph 38.

39. Defendant Estate denies paragraph 39.

40. Defendant Estate denies paragraph 40.

41. Defendant Estate denies paragraph 41.

42. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 42 and denies paragraph 42.

43. Defendant Estate denies paragraph 43.

44. Defendant Estate denies paragraph 44.

45. Defendant Estate denies paragraph 45.

46. Defendant Estate denies paragraph 46.

47. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 47 and therefore denies paragraph 47.

48. Defendant Estate denies paragraph 48.

49. Defendant Estate denies paragraph 49.

50. Defendant Estate denies paragraph 50.

51. Defendant Estate denies paragraph 51.

52. Defendant Estate admits paragraph 52 since they were hired to removal or install a tank.

53. Defendant Estate admits paragraph 53 relative to them working on the tank(s) and their negligence act(s).

54. Defendant Estate denies paragraph 54.

55. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 55 and therefore denies paragraph 55.

56. Defendant Estate admits because they failed to clean up the site.

57. Defendant Estate denies paragraph 57.

58. Defendant Estate admits to them performing the work but has no knowledge to written contract, denying that portion.

59. Defendant Estate is without knowledge or information sufficient to form a belief as to the truth of paragraph 59 and therefore denies paragraph 59 as far as whether an invoice was submitted.

60. Defendant Estate admits that they failed to clean up the site.

61. Defendant Estate denies paragraph 61.

62. Defendant Estate admits they failed to remediate the site.

63. Defendant Estate admits that there was some failed clean up by Riedel and Service Station Equipment. It is without knowledge to whether Felix sustained damages, and therefore denies that part of the paragraph 62.

## SEPARATE DEFENSES

### FIRST DEFENSE

64. Each claim for relief in the complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

65. Plaintiff's common law claims are barred in whole or in part by the doctrine of unclean hands.

### THIRD DEFENSE

66. Plaintiff's common law claims are barred in whole or in party by the equitable doctrine of laches.

### FOURTH DEFENSE

67. The injuries, damages and matters complained of were by superseding and intervening acts of other parties or Plaintiff over whom Defendant Estate had no control and for whose actions the Defendant Estate are not liable.

### FIFTH DEFENSE

68. The injuries, damages and matters complained of were due to avoidable consequences beyond the control or fault of Defendant Estate.

### SIXTH DEFENSE

69. Plaintiff is barred from recovery by reason of its failure to mitigate or avoid any of its alleged damages.

## SEVENTH DEFENSE

70. Any responsibility, award or judgment for which the Defendant Estate may be liable in this action is caused, in whole or in part, by the acts or omissions of Plaintiff and/or other Defendants. Any recovery that might otherwise be available against Defendant Estate must be diminished in proportion to that part attributable to Plaintiff and/or Defendants' own culpable conduct and to the culpable conduct of others.

## EIGHTH DEFENSE

71. The release or threatened release of hazardous substances alleged in the complaint to be attributable to the Defendant Estate, and any costs or damage resulting therefrom, were caused solely by the acts or omissions of third parties independent of the Defendant Estate, its agent or persons whose acts or omissions occurred in connection with a contractual relationship with Defendant Estate.

## NINTH DEFENSE

72. The release or threatened release of hazardous substances alleged in the complaint as being attributable to the Defendant Estate, and any costs or damages resulting therefrom, were solely caused by acts of God.

## TENTH DEFENSE

73. In the event that any of the Defendant Estate is determined to be a responsible party within the meaning of CERCLA § 107(a), 42 USC § 9601(a), Defendant Estate's liability should be proportionate to its contribution to the alleged release or threatened release at the subject site,

taking into account the contribution of Plaintiffs, the other Defendants, and other persons who contributed to the release or threatened release at the site and who are not parties herein.

## ELEVENTH DEFENSE

74. In the event that any of the Defendant Estate is held responsible for any response costs or other damages alleged in the complaint, Defendant Estate's liability should be proportionate to its equitable share of the contribution to the alleged release or threatened release at the subject site, taking into account that percentage of the total volume of materials disposed of at the subject site.

## TWELFTH DEFENSE

75. The Defendant Estate is not liable for the proportion of damages and injuries proximately caused by Plaintiffs or by any other Defendants or persons who are not parties hereto.

## THIRTEENTH DEFENSE

76. No actions of or attributable to the Defendant Estate were the cause in fact or proximate cause of any of the damages alleged in the complaint.

## FOURTEENTH DEFENSE

77. The claims asserted in the complaint against Defendant Estate under the doctrine of joint and several liability are barred or limited because any harm resulting from the release, discharge or dumping of any material by Defendants at the subject site is divisible from harm resulting from the transportation, releases, discharges or dumping of other matters at the site. Liability should be apportioned between or among such other responsible person or be limited to the divisible portion of the total harm cause by each responsible person.

## FIFTEENTH DEFENSE

78. The Defendant Estate is entitled to an offset against any liability for the greater of: (i) any amount actually paid by any person or entity heretofore or hereinafter for any the cost, damages and expenses alleged in the complaint , (ii) any amount stipulated or otherwise agreed to in agreed to in any release or covenant not to sue any person or entity for any costs, damages, or expenses alleged in the complaint; or (iii) the equitable share of the liability of any person or entity that heretofore received or hereinafter receives a release from liability or covenant not sue with respect to any of the costs, damages and expenses alleged in the complaint.

### SIXTEENTH DEFENSE

79. Plaintiffs' claims are barred because they do not conform to the requirements of CERCLA § 107(a), 42 U.S.C. § 9607(a), 42 U.S.C. §9613(f) (1): and/or § 113(f) (3) (B), 42 U.S.C. § 9613(f) (3) (B),

### SEVENTEENTH DEFENSE

80. Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.

### EIGHTEEN DEFENSE

81. Some or all of the removal or remedial actions allegedly taken by the Plaintiffs were neither in accordance with nor consistent with the National Contingency Plan, 40 C.F.R. Part 300, and/or other applicable laws or regulations.

### NINETEENTH DEFENSE

82. Plaintiffs are solely responsible under the provisions CERCLA § 107(a) 42 U.S.C. § 9607(a) for any hazardous substance that may have been released or dispersed of threat.

### TWENTIETH DEFENSE

83. Plaintiff's claims are barred as against Defendant Estate in that none of Defendants in the Estate never used, stored or otherwise handled any hazardous substances that are alleged to have released, dispose of or discharged at the subject site.

### TWENTY-FIRST DEFENSE

84. Defendants in the Estate are not liable to any party for any acts or omissions undertaken by, or at the direction or sufferance of, any government authority.

### TWENTY-SECOND DEFENSE

85. If any hazardous substance attributable to Defendant Estates were released at the subject site, the volume and toxicity of such hazardous substances are *de minimis* and pose not threat to public health or the environment. As a result, Defendant Estates should have no liability for the cleanup of the site and/or its costs.

### TWENTY-THIRD DEFENSE

86. Defendants in the Estate are not among the classes of persons liable for removal, response cost under CERCLA § 107(a), 42U.S.C § 9607(a).

### TWENTY- FOURTH DEFENSE

87. Plaintiffs were negligent and are precluded from recovery on their contribution claims to the extent of such negligent.

### TWENTY-FIFTH DEFENSE

88. Plaintiffs have failed to join indispensible parties.

### TWENTY-SIXTH DEFENSE

89. The court lacks subject matter jurisdiction over some or all of the causes of action in the complaint.

### TWENTY-SEVENTH DEFENSE

90. Defendant Estate hereby incorporates by reference each and every separate defense set forth above.

### TWENTY-EIGHTH DEFENSE

91. Defendant Estate reserves the right to raise and rely upon such other defenses as may become known or available during discovery, or otherwise, in this case and hereby reserves the right to amend its Answer to include such defenses or raise those defenses in the case.

### COUNTERCLAIMS

### AS AND FOR A FIRST COUNTERCLAIM

(Indemnification)

92. Plaintiffs have filed the within action against the Defendant Estate and others seeking damages and other relief resulting from alleged contamination of the soil and/or groundwater at the intersection of Navajo Route 7 and C street in Chinle, Apache County, Arizona, as set forth in the complaint.

93. At all times relevant hereto, Plaintiffs themselves or through their agents, predecessors, parents, subsidiaries, servants, employees or dealers, owned or operated and/or assumed full liability for work or operation of, one or more facilities within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9), at the subject site.

94. At all times relevant hereto, Plaintiffs themselves or through their agents, predecessors, parents, subsidiaries, servants, employees or dealers, had control over the work and/or operation and management and/or assumed full liability for the prior work, operation and management of, such facilities. As such, Plaintiffs are responsible parties within the meaning of CERCLA § 107(a), 42 U.S.C. § 9607(a).

95. Plaintiffs allege that the actions of the Defendant Estate jointly and severally caused the

contamination of the soils and groundwater at property at the intersection of Navajo Route 7 and C street in Chinle, Apache County, Arizona, and thereby caused Plaintiffs to suffer damages and incur past and future costs and expenses.

96. If there is a finding of liability on the part of any of the Defendant Estate, such liability would only be passive, secondary, constructive or imputed in nature, and would have been brought about solely by reason of the primary and active negligent acts and conduct of Plaintiffs, their predecessors, subsidiaries, parents, agents, servants or employees, and/or of parties for which Plaintiffs have assumed full liability, thereby entitling the Defendant Estate to indemnification by law, statute, contact or otherwise for any expense, liability or damage they may incur as a result of the claims asserted by Plaintiffs.

97. As a result of said negligence and other actions of, or assumed by, Plaintiffs, the Defendant Estate has experienced and will in the future continue to experience damages.

## AS AND FOR A SECOND COUNTERCLAIM

(Contribution)

98. Defendant Estate repeats and realleges each and every allegation set forth in paragraphs 92 to 97 as those fully set forth herein.

99. Plaintiffs allege in their complaint that they sustained damages as a result of the alleged negligent or intentional acts and/or omissions on the part of the Defendant Estate and seek damages jointly and severally against them for the reasons set forth in the complaint.

100. Defendant Estate deny that they committed or that they were engaged in any negligent, careless or reckless conduct, deny that they breached any duty to Plaintiffs, deny that they exercised any control over or involvement in the daily operations at the intersection of Navajo Route 7 and C street in Chinle, Apache County, Arizona site, or had any responsibility therefor,

deny that they were ever in any way responsible for any generation, release, discharge of or transportation of any hazardous substance at or to the site, and deny that they were responsible in any way to Plaintiffs for the damages alleged in the complaint.

101. Plaintiffs had knowledge of and/or acquiesced in contaminating the soil and/or groundwater at the intersection of Navajo Route 7 and C street in Chinle, Apache County, Arizona and off-site groundwater. Plaintiffs, their predecessors, subsidiaries, parents, agents, servants or employees, and/or parties for which Plaintiffs have assumed full liability, failed to exercise due care with regard to the storage, handling and disposal of hazardous substances at the intersection of Navajo Route 7 and C street in Chinle, Apache County, Arizona site, and are responsible for the contamination of those sites and/or off-site groundwater.

102. If Plaintiffs nevertheless recover a money judgment for their alleged damages against any of the Defendant Estate, the Defendant Estate demand cost recovery and contribution from the Plaintiffs in an amount equal to Plaintiffs' equitable share of any recoverable response costs and damages in accordance with CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1).

## CROSS-CLAIMS AGAINST PIC-N-RUN AND OTHERS

## AS AND FOR A FIRST CROSS-CLAIM

(Indemnification)

103. Plaintiff's complaint alleges that the injuries sustained by Plaintiffs were the result of the culpable conduct of, *inter alia,* the Defendant Estate, which Defendant Estate denies.

104. If Plaintiffs nonetheless recover judgment against any of the Defendant Estate, such liability would only be passive, secondary, constructive or imputed in nature, and would have been brought about solely by reason of the primary and active negligent acts and conduct of the defendants PIC-N-RUN and/or third-party defendants named and to be named, thereby entitling

Defendant Estate to indemnification by law, statute, contact or otherwise for any expense, liability or damage they may incur as a result of the claims asserted by plaintiffs from said defendants PIC-N-RUN and/or third-party defendants.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST PIC-N-RUN AND OTHERS

### (Contribution)

105. Defendant Estate repeats and realleges each and every allegation set forth in paragraphs 103 to 104 as those fully set forth herein.

106. The complaint alleges that the injuries sustained by Plaintiffs were the result of the culpable conduct of, *inter alia,* Defendant Estate, which Defendant Estate denies.

107. If any of Defendant Estate is nonetheless adjudged liable to Plaintiffs for the causes of action set forth in the complaint, the Defendant Estate demands contribution from each and every defendant PIC-N-RUN and/or third-party defendants named and to be named equal to their equitable share of any recoverable response costs and damages in accordance with CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1).

WHEREFORE, Defendant Estate demands judgment as follows:

A.  Dismissing the complaint with prejudice as against Defendant Estate;

B.  On the first counterclaim, a declaration holding that Plaintiffs are obligated to indemnify the Defendant Estate for the costs it has and/or will incur as a result of this action, and ordering and directing that Plaintiffs reimburse the Defendant Estate for such past and future costs;

C.  On the second counterclaim, a declaration holding that Plaintiffs are obligated to reimburse Defendant Estate for the costs it has and/or will incur as a result of this action in an amount equal to Plaintiffs' equitable share of any recoverable response costs and damages, and ordering and directing that Plaintiffs reimburse Defendant Estate for such past and future costs;

D.  On the first cross-claim, a declaration holding that each and every defendant including PIN-N-RUN, and third-party defendants named and to be named adjudged liable under the complaint.

E.  On the second cross-claim, a declaration holding that each and every defendant including PIN-N-RUN and third-party defendants named and to be named adjudged liable under the complaint and/or complaint is obligated to reimburse Defendant Estate for the costs they have and/or will incur as a result of this action in an amount equal to each such defendant's and third-party defendant's equitable share of any recoverable response costs and damages, and ordering and directing that each such Defendants including PIN-N-RUN and third-party defendants reimburse Defendant Estate for such past and future costs;

F.  For attorneys' fees;

G.  For statutory costs and disbursements; and

H.  For such other and further relief as this Court deems just and proper.

Respectfully submitted on this 27th day of August 2009.

_____S_____
Sampson Martinez
Attorney for Defendant Estate

CERTIFICATION OF SERVICE

I hereby certify that a true and correct
copy of the foregoing was mailed to
opposing parties of record on this  27th
day of August 2009.
_____S_____