**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Felix; Dorothy Felix, | No. CV 09-8015-PCT-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| 1. Pic-N-Run, Inc.;<br>2. Milam Building Associates, Inc.;<br>3. Stella Jeanette Eldridge;<br>4. Vernon W. Eldridge;<br>5. The Environmental Protection Agency;<br>6. The Navajo Nation;<br>7. The Navajo Nation Environmental Protection Agency;<br>8. Service Station Equiptment & Sales Co., Inc.;<br>9. Underground Analytical Services, Inc.;<br>10. Petroleum Systems Incorporated;<br>11. Spencer Riedel;<br>12. Estate of Sybil Baldwin, | |
| Defendants. | |

This case has been pending since January 30, 2009. Plaintiffs have again sought to amend their complaint, and by amendment add two new Defendants.[1] Plaintiffs offer no reason why they did not seek this amendment sooner. Plaintiffs argue that because discovery has not commenced in this case, no party will be prejudiced by this amendment. While it is

---

[1] For purposes of this order, the Court has listed only the parties to the proposed second amendment complaint, and not all of the counter claims or cross claims.

true that discovery has not begun, the fact that this case is proceeding at this unacceptably slow pace is largely Plaintiffs' doing. Specifically, Plaintiffs sought extensions of time to serve (Doc. #6), stipulated to extraordinary extensions of time to answer (Doc. #23), and, when the Court denied those extensions, neglected to send notice to the Defendants as required by the Court (Doc. #43 at 3). Now, Plaintiffs use their own lack of prompt prosecution of this case as an argument against prejudice.

Nonetheless, the Court must weigh the following factors in determining whether to allow an amendment: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Only three Defendants have opposed the amendment. Doc. #66. These Defendants argue that as to them, all of the proposed amendments would be futile. Further, these Defendants argue that because the claims are so obviously futile, any attempt to amend is in bad faith. As indicated above, no other party has opposed the amendment.

Procedurally, the Court will have only one complaint governing this case as to all Defendants. Thus, if the Court denies the amendment as to these three Defendants, Plaintiffs would have to re-draft the second amended complaint to delete all amendments that impact these three Defendants — and then the Court would have to compare the complaints to ensure compliance. This result occurs because on this record, the Court does not find cause to deny the amendment as to the other parties.

Thus, to simplify and expedite the processing of this case, the Court will grant the motion to amend. However, such order is without prejudice to the three opposing Defendants raising their same arguments in a motion to dismiss. Moreover, if the Defendants prevail on their motion to dismiss and can indeed show bad faith on Plaintiffs' part in

1 bringing this action and amendment against them, the may move for their attorney's fees as
2 a sanction.[2]

3 Further, the Court has previously advised the parties that Congress expects federal
4 courts to resolve cases within 18 months of when they are filed. Doc. #25 citing 28 U.S.C.
5 § 473(a)(2)(B). Plaintiffs' actions, including seeking this extension eight months after the
6 case was filed, are frustrating this goal. Therefore, from this point forward, all parties shall
7 make this case their priority to ensure its timely resolution.

8 Accordingly,

9 **IT IS ORDERED** that Plaintiffs' motion to amend (Doc. #49) is granted; however,
10 the Clerk of the Court shall not file the proposed second amended complaint lodged at Doc.
11 #50 because it is a redlined version of the document. Plaintiff shall file the proposed second
12 amended complaint (not redlined) by **October 26, 2009**. If Plaintiffs fail to comply, this case
13 will be dismissed without prejudice for failure to comply with a Court order. Fed.R.Civ.Pro.
14 41(b).

15 **IT IS FURTHER ORDERED** that Plaintiff shall serve the two newly added
16 Defendants (Underground Analytical Services, Inc. and Petroleum Systems Incorporated)
17 by **November 20, 2009**. Due to the age of this case, NO EXTENSIONS of this deadline will
18 be granted. If Plaintiffs fail to serve within this deadline, these Defendants will be dismissed
19 without prejudice due to Plaintiffs failure to prosecute and failure to comply with a Court
20 order. Fed.R.Civ.Pro. 41(b). <u>Plaintiffs shall also serve the newly added Defendants with a
21 copy of this Order.</u> Regardless of when they are served or whether they are served by
22 waiver, the newly added Defendants shall answer or otherwise respond to the complaint by
23 **December 21, 2009**. If Plaintiffs again forget to provide the not-yet-appearing Defendants
24 with a copy of this Order, the Court will dismiss said Defendants for Plaintiffs' failure to
25 comply with a court order and failure to prosecute. Fed.R.Civ.Pro. 41(b).

---

27 [2] The Court can award attorney's fees under its inherent power as a sanction "when
the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."
28 *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

1 **IT IS FURTHER ORDERED** that responses to the second amended complaint
2 (including answers, counterclaims, and motions to dismiss) are due by **November 20, 2009**.
3 In responding to the second amended complaint, all cross-claims and counter-claims must
4 be re-filed. All parties have leave to make any amendments within these filings that they
5 deem appropriate. The Court includes this requirement to ensure that there is only one set
6 of pleadings governing the administration of this case. No party may incorporate by
7 reference a prior filing.

8 **IT IS FURTHER ORDERED** that, going forward, no party may use "et al." in a
9 caption. Each party must be separately listed including all plaintiffs, defendants,
10 counterclaimants, counterdefendants, crossclaimants and crossdefendants.

11 **IT IS FURTHER ORDERED** that, as the result of the filing of a second amended
12 complaint, all remaining pending motions are denied, without prejudice, as moot,
13 specifically:
14     Motion to dismiss (Doc. #31)
15     Motion to dismiss (Doc. #32)
16     Motion to amend answer (Doc. #33)
17     Motion to dismiss (Doc. #37)
18     Motion to dismiss (Doc. #43)
19     Motion to dismiss (Doc. #59)
20     Motion to dismiss (Doc. #61)
21     Motion for extension of time (Doc. #63)
22     Motion to dismiss (Doc. #67)
23     Motion to stay (Doc. #68)
24     Motion for extension (Doc. #70).
25     **IT IS FURTHER ORDERED** vacating oral argument on January 11, 2010.
26 ///
27 ///
28 ///

1     **IT IS FINALLY ORDERED** that due to the age of this case, there will be NO
2 EXTENSIONS of these deadlines.
3     DATED this 21st day of October, 2009.

_____
James A. Teilborg
United States District Judge