**WO**

<br>

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DANIEL FELIX and DORTHY FELIX, | Cause No. CV 09-8015-PCT-JAT |
| Plaintiffs, | |
| vs. | **ORDER** |
| PIC-N-RUN, INC., an Arizona corporation, MILAM BUILDING ASSOCIATES, INC., a Texas corporation, STELLA JEANETTE ELDRIDGE, VERNON W. ELDRIDGE, THE NAVAJO NATION, SPENCER RIEDEL, SERVICE STATION EQUIPMENT & SALES CO. INC., an Arizona corporation, ANALYTICAL SERVICES, INC., an Arizona Corporation, PETROLEUM SYSTEMS INC., an Arizona corporation, the ESTATE OF SYBIL BALDWIN, | |
| Defendants. | |

_____

VERNON W. ELDRIDGE, STELLA JEANETTE ELDRIDGE, MILAM BUILDING ASSOCIATES, INC.,

            Counter Claimants,

vs.

DANIEL FELIX, DORTHY FELIX,

            Counter Defendants.

VERNON W. ELDRIDGE, STELLA JEANETTE ELDRIDGE, MILAM BUILDING ASSOCIATES, INC.

Cross Claimants,

vs.

NAVAJO NATION, ESTATE OF SYBIL BALDWIN, PIC-N-RUN, INC., SERVICE STATION EQUIPMENT & SALES CO., INC., SPENCER RIEDEL, UNDERGROUND ANALYTICAL SERVICES, INC.

Cross Defendants.

_____

ESTATE OF SYBIL BALDWIN,

Counter Claimant,

vs.

DANIEL FELIX AND DOROTHY FELIX

Counter Defendants.

_____

ESTATE OF SYBIL BALDWIN,

Cross Claimant,

vs.

PIC-N-RUN, INC., an Arizona corporation; MILAM BUILDING ASSOCIATES, INC. a Texas corporation; STELLA JEANETTE ELDRIDGE; VERNON W. ELDRIDGE; SERVICE STATION EQUIPMENT & SALES CO., INC., an Arizona corporation; and SPENDCER RIEDEL,

Cross Defendants.

PIC-N-RUN, an Arizona corporation,

            Counter Claimant,

       vs.

DANIEL FELIX AND DOROTHY FELIX

            Counter Defendants.

_____

PIC-N-RUN, an Arizona corporation,

            Cross Claimant,

       vs.

MILAM BUILDING ASSOCIATES, INC., a Texas corporation; STELLA JEANETTE ELDRIDGE; VERNON W. ELDRIDGE; SERVICE STATION EQUIPMENT & SALES CO., INC., an Arizona corporation; SPENDCER RIEDEL; UNDERGROUND ANALYTICAL SERVICES, INC., an Arizona corporation; and ESTATE OF SYBIL BALDWIN,

            Cross Defendants.

_____

SERVICE STATION EQUIPMENT & SALES CO. INC., an Arizona corporation,

            Counter Claimant,

       vs.

DANIEL FELIX AND DOROTHY FELIX

            Counter Defendants.

_____

SERVICE STATION EQUIPMENT & SALES CO. INC., an Arizona corporation,

            Cross Claimant,

       vs.

PIC-N-RUN, INC., an Arizona corporation; MILAM BUILDING ASSOCIATES, INC. a Texas corporation; STELLA JEANETTE ELDRIDGE; VERNON W. ELDRIDGE; and ESTATE OF SYBIL BALDWIN,

Cross Defendants.
_____

SPENCER RIEDEL,

           Counter Claimant,

    vs.

DANIEL FELIX AND DOROTHY FELIX

           Counter Defendants.
_____

SPENCER RIEDEL,

           Cross Claimant,

    vs.

PIC-N-RUN, INC., an Arizona corporation;
MILAM BUILDING ASSOCIATES, INC.
a Texas corporation; STELLA JEANETTE
ELDRIDGE; VERNON W. ELDRIDGE;
and ESTATE OF SYBIL BALDWIN,

           Cross Defendants.
_____

UNDERGROUND   ANALYTICAL
SERVICES, INC., an Arizona corporation,

           Counter Claimant,

    vs.

DANIEL FELIX AND DOROTHY FELIX

           Counter Defendants.
_____

UNDERGROUND   ANALYTICAL
SERVICES, INC., an Arizona corporation,

           Cross Claimant,

    vs.

PIC-N-RUN, INC., an Arizona corporation;
MILAM BUILDING ASSOCIATES, INC.
a Texas corporation; STELLA JEANETTE
ELDRIDGE; VERNON W. ELDRIDGE;
and ESTATE OF SYBIL BALDWIN,

           Cross Defendants.

Pending before the Court are Defendant Navajo Nation's Motion to Dismiss Plaintiffs Daniel and Dorothy Felix's second amended complaint (Doc. # 83); Defendant Navajo Nation's Motion to Dismiss Milam Building Inc., Stella Jeanette Eldridge, and Vernon W. Eldridge's cross-claim (Doc. # 120); Defendant Navajo Nation's Motion to Dismiss Pic-N-Run's cross-claim (Doc. # 121); and Defendants Spencer Riedel, Service Station Equipment & Sales Co., Inc., Underground Analytical Service, Inc. and Petroleum Systems, Inc.'s Motion to Dismiss the RCRA claims (Doc. # 125). The Court now rules on the motions.

## I.     Background

The various claims, counter-claims, and cross-claims in this action revolve around alleged gasoline contamination caused by leakage and a spill. The site of the contamination is in Chinle, Arizona.

The Navajo Nation leased the above parcel of property to Sybil Y. Baldwin for the operation of a convenience store and gas station. Initially, underground storage tanks ("UST's") were used to store gasoline on the property.

In 1997, Baldwin subleased the premises to Pic-N-Run for the continued operation of the convenience store and gas station. In June 2004, Pic-N-Run removed three UST's from the property. During the removal, Underground Analytical Services, Inc. and Spencer Riedel were hired for the purposes of analyzing the soils around the UST's and for overseeing the environmental compliance of the UST removal.

In July 2004, Pic-N-Run entered into an agreement with Milam Building Associates for the remodeling of the convenient store and gas station, including the construction of above-ground storage tanks.

In December 2004, Milam entered into an agreement with Plaintiff wherein Plaintiff, acting as a subcontractor, agreed to pour concrete for the remodeling at the property. In 2005, an employee of Plaintiff drove a stake into a gasoline supply line on the property, causing a release of gasoline.

In January 2009, Plaintiff filed the present action seeking the assignment of responsibility for the cleanup and associated costs of the gasoline contamination at the

property. The various Defendants then filed a series of counter-claims and cross-claims. In August 2009, the Environmental Protection Agency ("EPA") issued a Resources Conservation Recovery Act ("RCRA"), 42 U.S.C. § 7003 Order finding various of the Defendants caused or contributed to the contamination at issue, and ordering the various Defendants to undertake and finance the work necessary to clean-up the contamination site. Defendant the Navajo Nation has moved to have all claims and cross-claims against it dismissed; and Defendants Riedel, Service Station Equipment & Sales Co., Inc., Underground Analytical Services, Inc., and Petroleum Systems, Inc. (collectively "Riedel Defendants") have moved to dismiss all RCRA claims and cross-claims.

## II.     Legal Standard

"Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). Normally, on a 12(b)(1) motion, the court is, "free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (internal quotations and citations omitted). However, when considering a motion under 12(b)(1), if the jurisdictional issue is dependant on the resolution of factual issues relating to the merits of the case, the Court applies the 12(b)(6) standard of assuming that all of the allegations in the complaint are true. *Id*.

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rules of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE §1202, 94-95 (3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Claims raised under Rule 12(b)(1) should be addressed before other reasons for

dismissal filed under Rule 12(b)(6).  *See* WRIGHT AND MILLER, § 1350, 209-10 ("[W]hen the motion is based on more than one ground, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.").

## III.   Rule 12(b)(1) Motions to Dismiss

Both the Riedel Defendants and Defendant Navajo Nation raise the same arguments concerning subject matter jurisdiction: 1) all claims and cross-claims under 42 U.S.C. § 6972(a)(1)(B) must be dismissed under Rule 12(b)(1) because the EPA has issued an administrative order and, hence, the § 6972(a)(1)(B) claims are precluded by § 6972(b)(2)(B)(iv); and 2) all RCRA claims and cross-claims must be dismissed under Rule 12(b)(1) because they improperly seek pre-enforcement review of an EPA order.  For the reasons that follow, the Court agrees with the above Defendant's latter argument and, as such, dismisses all claims, counter-claims, and cross-claims arising under RCRA.

In August 2009, the EPA issued a RCRA § 7003 Order finding Defendants Milam, Stella and Vernon Eldridge (collectively the "Milam Defendants"), Pic-N-Run, the Estate of Sybil Baldwin, and Plaintiffs caused or contributed to the contamination at issue.  The EPS also ordered these same Defendants and Plaintiffs to undertake and finance the work necessary to clean-up the contamination site.[1]  Various Courts have held that Article III courts lack jurisdiction to entertain a challenge to an EPA administrative order until the EPS seeks to judicially enforce the order.  *See, e.g., Ross Incineration Servs., Inc. v. Browner*, 118 F.Supp.2d 837, 843 (N.D. Ohio 2000) ("The Court agrees with the EPA that RCRA *does* preclude judicial review of § 7003 Orders, unless and until the EPA seeks actual enforcement

---

[1]  The Court expressly notes that the consideration of the EPA order does not convert the motion to dismiss into a motion for summary judgment, as the EPA order was relied upon in Plaintiffs' complaint and the authenticity of the order cannot be reasonably questioned.  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n. 4 (9th Cir. 1996).  Each party opposing the motions to dismiss has had the opportunity to discuss the EPA order, and no such party has raised any concerns regarding order.

of its Order.  Accordingly, the EPA's motion to dismiss for lack of jurisdiction must be granted on this ground."); *United States v. Mobil Oil Corp.*, 1997 WL 1048911 (E.D.N.Y. 1997) (holding that court lacked jurisdiction to review a counter-claim seeking pre-enforcement review of a § 3013 EPA order).  Plaintiffs, Defendant Pic-N-Run, and the Milam Defendants do not dispute this principle.  Rather, they argue that the RCRA claims do not constitute a challenge to the EPA's order and, moreover, the RCRA claims are beyond the scope of the EPA's order.

In each of the RCRA claims, counter-claims, and cross-claims, the asserting party is seeking a declaration apportioning the liability of each offending party.  Additionally, each asserting party is seeking a declaration that it is not responsible for the contamination at the property.  Given the purpose of the EPA's order and the findings and conclusions made by the EPA in its order, the various RCRA claims constitute challenges to the EPA order.

In its order, the EPA named precisely each party it found to be liable for the contamination at issue.  Yet Plaintiffs, Pic-N-Run, and the Milan Defendants seek a declaration from this Court naming each party liable for the contamination at issue.  Such a request constitutes a challenge to the EPA order in the form of challenging who the EPA found to be responsible for the contamination.  For example, the Milan Defendants are seeking a declaration that they are not responsible for the contamination; rather, Plaintiffs and the cross-claim Defendants are fully responsible.  If the Court were to grant such a request, the Court would be directly contravening the EPA's order, as the EPA found the Milan Defendants caused or contributed to the contamination.  The same impediment holds true for all of the RCRA claims, counter-claims, and cross-claims.  The parties in this lawsuit seeking relief under RCRA cannot challenge the EPA's findings and conclusions concerning those responsible for the contamination until the EPA seeks to enforce its order.  Hence, because the EPA has already issue a § 7003 Order delineating those responsible for the contamination and clean-up, and because the EPA has not yet sought to enforce its order, this Court is precluded from issuing a similar RCRA declaration.

Pic-N-Run argues that its RCRA counter-claim and cross-claim is beyond the scope

9

of the EPA's order and, hence, not subject to the prohibition of 42 U.S.C. § 6972(b)(2)(B(iv). The Court disagrees. Congress included the following limitation on Section 6972(b)(2)(B)(iv): "In the case of an administrative order referred to in clause (iv), actions under subsection (a)(1)(B) of this section are prohibited only as to the scope and duration of the administrative order referred to in clause (iv)." 42 U.S.C. § 6972(b)(2)(B)(iv). The RCRA claims, counter-claims, and cross-claims, however, do not go beyond the scope of the EPA's order and, as such, the limitation is not applicable.

Pic-N-Run argues that a RCRA finding of responsibility and apportionment of fault between the parties is beyond the scope of the EPA's order because the Riedel Defendants were not named in the EPA order and because this Court is capable of apportioning liability between co-obligors. The naming of the responsible parties is precisely within the scope of the EPA's order. The fact that the EPA evaluated the contaminated site and the events leading to the contamination and yet concluded that the Riedel Defendants were not responsible does not alter the EPA's findings and conclusions concerning the responsible parties. Identifying the responsible parties–and in this case not naming the Riedel Defendants as such a party–is within the scope of the EPA's order. Likewise, the apportioning of liability does not go beyond the scope of the EPA's order. The EPA found that all parties to its order are jointly liable. Although Solomonesque in nature, the EPA nevertheless apportioned liability. The RCRA claimants may be dissatisfied with the EPA finding them jointly liable, but such a dissatisfaction does not give rise to a RCRA claim for apportionment of liability. As mentioned earlier, if this Court were to apportion liability among each of the parties under RCRA, such an order would contravene the EPA's order, especially in light of the specific RCRA relief of each party. The limitation under 42 U.S.C. § 6972(b)(2)(B(iv) is not applicable.

Therefore, because the Court finds that the requested RCRA relief constitutes a challenge to the EPA's § 7003 Order, the Court is without subject matter jurisdiction to entertain the RCRA claims. Accordingly, all RCRA claims, counter-claims, and cross-claims are dismissed under Rules 12(b)(1), (h)(3). The Court notes that such a finding does not

deprive the parties of all requested relief, as this finding does not touch the parties' common law claims.

**IV.    Defendant Navajo Nation's Other Motions**

Defendant Navajo Nation has raised various other arguments in its three motions to dismiss (Doc. #'s 83, 120, 121). However, the Court has reviewed all of the claims against the Navajo Nation that are contained in Plaintiffs' amended complaint and each of the Defendants' answers and cross-claims. All such claims against the Navajo Nation are claims arising under RCRA. Because the Court has already dismissed all RCRA claims, counter-claims, and cross-claims, no surviving claims exist against the Navajo Nation. Accordingly, the Court dismisses the Navajo Nation as a party to this action, and need not address the Navajo Nation's other arguments for dismissal.

**V.    Conclusion**

The Court finds that it lacks subject matter jurisdiction to consider the RCRA claims raised by Plaintiffs and the various Defendants because such claims constitute a challenge to the EPA's August 2009 § 7003 Order. Because all claims against the Navajo Nation involve RCRA claims, the Court dismisses the Navajo Nation as a party to this action.

Accordingly,

**IT IS ORDERED** that Defendant Navajo Nation's Motion to Dismiss Plaintiffs Daniel and Dorothy Felix's second amended complaint (Doc. # 83) is granted to the extent it is premised upon a lack of subject matter jurisdiction as discussed above.

**IT IS FURTHER ORDERED** that Defendant Navajo Nation's Motion to Dismiss Milam Building Inc., Stella Jeanette Eldridge, and Vernon W. Eldridge's cross-claim (Doc. # 120) is granted to the extent it is premised upon a lack of subject matter jurisdiction as discussed above.

**IT IS FURTHER ORDERED** that Defendant Navajo Nation's Motion to Dismiss Pic-N-Run's cross-claim (Doc. # 121) is granted to the extent it is premised upon a lack of subject matter jurisdiction as discussed above.

**IT IS FURTHER ORDERED** dismissing all RCRA claims, counter-claims, and

1 cross-claims involved in this action.

2 **IT IS FURTHER ORDERED** dismissing Defendant Navajo Nation as a party to this
3 action.

4 **IT IS FINALLY ORDERED** that Defendants Spencer Riedel, Service Station
5 Equipment & Sales Co., Inc., Underground Analytical Service, Inc. and Petroleum Systems,
6 Inc.'s Motion to Dismiss the RCRA claims (Doc. # 125) is granted to the extent it is
7 premised upon a lack of subject matter jurisdiction as discussed above.

8 DATED this 4th day of May, 2010.

9

10

11                                    James A. Teilborg
                                 United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28