**WO**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Felix and Dorothy Felix,<br><br>　　　　Plaintiffs,<br>vs.<br><br>Pic-N-Run, Inc., an Arizona corporation; Milam Building Associates, Inc., a Texas corporation; Stella Jeanette Eldridge; Vernon W. Eldridge; Spencer Riedel; Service Station Equipment & Sales Co. Inc., an Arizona corporation; Underground Analytical Services, Inc., an Arizona Corporation; and the Estate of Sybil Baldwin,<br><br>　　　　Defendants.<br>_____<br>Vernon W. Eldridge; Stella Jeanette Eldridge; Milam Building Associates, Inc.,<br><br>　　　　Counter-Claimants,<br>vs.<br><br>Daniel Felix; Dorothy Felix,<br><br>　　　　Counter- Defendants. | No. CV 09-8015-PCT-JAT<br><br>**ORDER** |

Vernon W. Eldridge; Stella Jeanette Eldridge; Milam Building Associates, Inc.,

    Cross-Claimants,

vs.

Estate of Sybil Baldwin; Pic-N-Run, Inc.; Service Station Equipment & Sales Co., Inc.; Spencer Riedel; Underground Analytical Services, Inc.,

    Cross-Defendants.

_____

Estate of Sybil Baldwin,

    Counter-Claimant,

vs.

Daniel Felix and Dorothy Felix,

    Counter-Defendants.

_____

Estate of Sybil Baldwin,

    Cross-Claimant,

vs.

Pic-N-Run, Inc., an Arizona corporation; Milam Building Associates, Inc., a Texas corporation; Stella Jeanette Eldridge; Vernon W. Eldridge; Service Station Equipment & Sales Co., Inc.; an Arizona corporation; and Spencer Riedel,

    Cross-Defendants.

| | |
|---|---|
| 1 | Pic-N-Run, an Arizona corporation, |
| 2 | Counter-Claimant, |
| 3 | vs. |
| 4 | Daniel Felix and Dorothy Felix, |
| 5 | Counter-Defendants. |
| 6 | ──────────────────────────── |
| 7 | Pic-N-Run, an Arizona corporation, |
| 8 | Cross-Claimant, |
| 9 | vs. |
| 10 | Milam Building Associates, Inc., a Texas corporation; Stella Jeanette Eldridge; Vernon W. Eldridge; Service Station Equipment & Sales Co., Inc., an Arizona corporation; Spencer Riedel; Underground Analytical Services, Inc., an Arizona corporation; and Estate of Sybil Baldwin, |
| 14 | Cross-Defendants. |
| 15 | ──────────────────────────── |
| 16 | Service Station Equipment & Sales Co., Inc., an Arizona corporation, |
| 17 | Counter-Claimant, |
| 18 | vs. |
| 19 | Daniel Felix and Dorothy Felix, |
| 20 | Counter-Defendants. |
| 21 | ──────────────────────────── |
| 22 | Service Station Equipment & Sales Co., Inc., an Arizona corporation, |
| 23 | Cross-Claimant, |
| 24 | vs. |
| 25 | Pic-N-Run, Inc., an Arizona corporation; Milam Building Associates, Inc., a Texas corporation; Stella Jeanette Eldridge; Vernon W. Eldridge; and Estate of Sybil Baldwin, |
| 28 | Cross-Defendants |

3

| | |
|---|---|
| 1 | Spencer Riedel, |
| 2 |    Counter-Claimant, |
| 3 |  vs. |
| 4 | Daniel Felix and Dorothy Felix, |
| 5 |    Counter-Defendants. |

Spencer Riedel,

   Cross-Claimant,

 vs.

Pic-N-Run, Inc., an Arizona corporation; Milam Building Associates, Inc. a Texas corporation; Stella Jeanette Eldridge; Vernon W. Eldridge; and Estate of Sybil Baldwin,

   Cross-Defendants.

Underground Analytical Services, Inc., an Arizona corporation,

   Counter-Claimant,

 vs.

Daniel Felix and Dorothy Felix,

   Counter-Defendants.

Underground Analytical Services, Inc., an Arizona corporation,

   Cross-Claimant,

 vs.

Pic-N-Run, Inc., an Arizona corporation; Milam Building Associates, Inc., a Texas corporation; Stella Jeanette Eldridge; Vernon W. Eldridge; and Estate of Sybil Baldwin,

   Cross-Defendants.

Pending before the Court is the Motion for an Award of Costs and Attorneys' Fees by Defendants Spencer Riedel, Service Station Equipment & Sales Co. Inc., Underground Analytical Services, Inc., and Petroleum Services Incorporated (collectively, "Riedel Defendants") against Plaintiffs Daniel Felix and Dorothy Felix. (Doc. 203). Riedel Defendants also filed a Statement Regarding Reasonableness of Attorney's Fees, a Statement of Personal Consultation, and an Affidavit in Support of Their Motion for Attorney's Fees. (Doc. 211-213). The Court now rules on this motion.

## I.      BACKGROUND[1]

This case revolves around the alleged contamination caused by the leakage and a spill of gasoline at a convenience store and gas station on the Navajo tribal trust land in Chinle, Arizona.

The Navajo Nation leased a parcel of property to Baldwin for the operation of a convenience store and gas station. Initially, underground storage tanks were used to store gasoline on the property. In 1997, Baldwin subleased the premises to Defendant Pic-N-Run, Inc. ("Pic-N-Run"), for the continued operation of the convenience store and gas station. In June 2004, Pic-N-Run removed three underground storage tanks from the property. During the removal, Defendants Underground Analytical Services, Inc. and Spencer Riedel were hired to analyze the soil around the underground storage tanks and oversee the environmental compliance of the tank removal.

In July 2004, Pic-N-Run entered into an agreement with the Defendants Stella Jeanette Eldridge, Vernon W. Eldridge, and Milam Building Associates, Inc. ("Milam Defendants") for the remodeling of the convenience store and gas station, and the construction of above-ground storage tanks. In December 2004, the Milam Defendants entered into an agreement with Plaintiffs Daniel Felix and Dorothy Felix, doing business as Shiprock Construction Company ("Shiprock"). Shiprock, acting as a subcontractor, agreed to pour concrete for the remodeling project at the property. In 2005, an employee of Shiprock drove a stake into a

---

[1] The majority of these facts are set forth in this Court's prior Order (Doc. 201).

5

gasoline supply line on the property, which caused a release of gasoline. On July 31, 2007, Pic-N-Run filed a complaint in the District Court of the Navajo Nation against Shiprock and the Milam Defendants regarding the gasoline leak.

In January 2009, Shiprock filed the present action seeking assignment and apportionment of responsibility for the cleanup and costs associated with the gasoline contamination at the property. Defendants then filed a series of counter-claims and cross-claims against Shiprock and other defendants.

In August 2009, the Environmental Protection Agency ("EPA") issued an Administrative Order pursuant to Section 7003 of the Resource Conservation and Recovery Act ("RCRA"), codified at 42 United States Code ("U.S.C.") section 6973. This "§ 7003 Order" stated that the Milam Defendants, Pic-N-Run, Baldwin and Shiprock caused or contributed to the contamination at issue, and ordered the parties to undertake and finance the work necessary to clean-up the contamination site. (Doc. 125-1.) In accordance with the EPA's § 7003 Order, remedial action is proceeding at the Chinle site. The EPA has not filed an action in district court to enforce its § 7003 Order.

On May 4, 2010, in response to Defendant Navajo Nation's motion to dismiss (Doc. 83) and Riedel Defendants' motion to dismiss (Doc. 125), the Court dismissed all claims arising under RCRA, 42 U.S.C. sections 6901 *et seq.*, because the Court did not have subject matter jurisdiction to entertain federal claims seeking pre-enforcement review of the EPA's § 7003 Order. (Doc. 150.) The remaining claims were common law causes of action, including negligence, negligence per se, breach of contract and indemnity. The Court declined to exercise supplemental jurisdiction over the common law claims because it could result in inconsistent outcomes depending on the EPA's potential enforcement of the § 7003 Order, and the parties' ability to raise their federal RCRA claims in a subsequent action following any such enforcement. (Doc. 201). On August 10, 2010, the Court dismissed this action in its entirety without prejudice. (*Id.*).

Fourteen days later, on August 24, 2010, Riedel Defendants moved for attorneys' fees and costs pursuant to Arizona Revised Statutes ("A.R.S.") section 12-341 and section 12-

341.01.  (Doc. 203).

## II. ANALYSIS

It is established that a district court may consider a collateral issue, such as costs or attorneys' fees, after an action is dismissed for lack of jurisdiction. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990); *Molski v. Foster Freeze Paso Robles*, 267 F. App'x 631, 633, 2008 WL 467751, at *1 (9th Cir. 2008) (district court retained jurisdiction to rule on an attorneys' fees request when it declined to exercise supplemental jurisdiction over state law claims after dismissing the federal claim, and stating if "the district court meant that it lacked jurisdiction to award fees, it would have been wrong"); *Bldg. Innovation Indus., L.L.C. v. Onken*, 473 F. Supp. 2d 978, 983 (D. Ariz. 2007). Consequently, the Court retains jurisdiction over the motion for attorneys' fees.

In determining whether federal or state law applies to state law claims in federal actions, state statutes allowing the recovery of attorneys' fees are substantive for *Erie* purposes. *Goldberg v. Pac. Indem. Co.*, No. CV 05-2670-PHX-JAT, 2009 WL 1327528, at *1 (D. Ariz. 2009). When the "state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorneys' fees or giving the right thereto, which reflects a substantial policy of the state, should be followed." *MRO Commc'ns Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975)); *Goldberg*, 2009 WL 1327528, at *1 (applying A.R.S. section 12-341.01 in a diversity case for breach of contract and bad faith). With these principles in mind, the Court will now consider the Riedel Defendants' request for attorneys' fees.

### A. Award of Attorneys' Fees under Arizona Law

A.R.S. section 12-341.01 provides that "[i]n any contested action arising out of a contract . . . the court may award the successful party reasonable attorney fees." Ariz. Rev. Stat. Ann. § 12-341.01(A). A "contested action" includes cases where the defendant "has appeared and generally defends against the claims and demands made by the plaintiff." *Morrison v. Shanwick Intern. Corp.*, 804 P.2d 768, 776 (Ariz. Ct. App. 1990). Generally,

7

defending against a claim includes filing a motion to dismiss. *Vicari v. Lake Havasu City*, 213 P.3d 367, 373 (Ariz. Ct. App. 2009). Riedel Defendants filed a motion to dismiss the RCRA claims making this a contested action.

A defendant against whom a contract action is dismissed without prejudice is considered a "successful party." *Britt v. Steffen*, 205 P.3d 357, 359 (Ariz. Ct. App. 2008). This case was dismissed without prejudice in its entirety. This dismissal included a breach of contract claim asserted by Plaintiffs against Riedel Defendants. (Doc. 73 at 21; Doc. 201 at 16) As such, Riedel Defendants are the successful party in this contested contract action.[2]

Fees are appropriate for claims "arising out of a contract" if the claims are "intrinsically related to the contract" and "could not exist but for the breach of contract." *Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1142–43 (Ariz. 1982). The Court need not address whether the claims arise out of the contract because it denies relief based upon the Court's discretion.[3]

### B. Factors for Attorneys' Fees

The Court has discretion in awarding attorneys' fees. *See* Ariz. Rev. Stat. Ann. § 12-341.01; *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1183 (Ariz. 1985). The Arizona Supreme Court has instructed the Court to consider six factors when deciding whether to

---

[2] Plaintiffs argue that similar to *Medical Protective Co. v. Pang*, there is no successful party in this case. 271 F.R.D. 624, 628 (D. Ariz. 2010) In *Pang*, both parties agreed to voluntarily file joint motions for dismissal without prejudice. *Id.* However, *Pang* is distinguishable because, there, the court found that voluntary, joint dismissal reached through settlement does not produce a successful party. In contrast, here, the Plaintiffs did not agree to voluntarily dismiss this case or enter into a settlement. Ultimately, this Court declined to exercise supplemental jurisdiction and dismissed all of the claims without prejudice based upon Milam Defendants' Motion to Dismiss. (Docs. 181, 201).

[3] Pursuant to A.R.S. section 12-341.01, whether a claim "'arises out of a contract' . . . is determined by the abstract nature of the claim." *Bldg. Innovation Indus., L.L.C.*, 473 F. Supp. 2d at 988–89. Plaintiffs requested declaratory relief under the RCRA and asserted common law claims such as negligence, negligent misrepresentation, and breach of contract. (Doc. 73 at 10, 19–23). Plaintiffs argue that the breach of contract claim is "nominally asserted as an alternative theory" and that the "essence of the lawsuit" was in tort. (Doc. 204 at 8–9). The Court noted that the RCRA claim does not arise out of contract.

8

grant attorneys' fees. *Newberry Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1405–1406 (9th Cir. 1996). Those factors are: 1) the merits of the unsuccessful party's claims; 2) whether the successful party's efforts were completely superfluous in achieving the ultimate result; 3) whether assessing fees against the unsuccessful party would cause extreme hardship; 4) whether the successful party prevailed with respect to all relief sought; 5) whether the legal question presented was novel or had been previously adjudicated; and 6) whether a fee award would discourage other parties with tenable claims from litigating. *Am. Constr. Corp. v. Philadelphia Indem. Ins. Co.*, 667 F. Supp. 2d 1100, 1106–1107 (D. Ariz. 2009) (citing *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985)). The court should not consider one factor to be determinative and should weigh all factors when exercising its discretion. *Id.* at 1107.

### 1. Merits of Plaintiffs' Claims

There can be "substantial merit" to a claim even though a party loses. *Scottsdale Mem'l Health Sys., Inc. v. Clark*, 791 P.2d 1094, 1099 (Ariz. Ct. App. 1990). Plaintiffs filed this action before the EPA's ruling divested the Court of jurisdiction over the RCRA claim. (*See* Doc. 1). Plaintiffs Amended Complaint included claims in addition to the RCRA claim which were not decided on the merits. (*See* Doc. 73). Because these claims were dismissed without prejudice, not on the merits, neither party has won or lost, as in *Scottsdale Memorial Health Systems.* Accordingly, the Court cannot decide whether Plaintiffs' claims were without merit or not. This factor does not support granting attorneys' fees.

### 2. Riedel Defendants' Efforts

Riedel Defendants argue that their efforts were successful because their Motion to Dismiss the RCRA claim was granted. (Doc. 203 at 2). They are correct (Doc. 15); however, they did not move to dismiss the state law causes of action. (*See* Doc. 201). Moreover, these claims have been dismissed without prejudice by the Court and can be brought again in another action. Accordingly, this factor does not support granting attorneys' fees.

### 3. Extreme Hardship

1  Plaintiffs argue that they are the only party to have paid for remediation of the
2  contamination, but make no other arguments demonstrating financial hardship. (Doc. 204
3  at 7). "[T]he party asserting financial hardship has the burden of coming forward with *prima*
4  *facie* evidence of financial hardship." *Goldberg*, 2009 WL 1327528, at *3. Plaintiffs have
5  not done this. As a result, this factor supports granting attorneys' fees.

### 4. Completely Successful

The Riedel Defendants argue that they are the successful party because the Court dismissed the breach of contract claim against them. (Doc. 203 at 2). While this is true, (Doc. 201), Riedel Defendants' counter-claims and cross-claims against other parties were dismissed as well. (*See* Docs. 86, 87, 201). Thus, Riedel Defendants have not succeeded on all relief sought. Accordingly, this factor does not support granting attorneys' fees.

### 5. Novel Legal Question

Plaintiffs brought these claims under RCRA and common law causes of action. Such claims do not present novel legal questions. In addition, this Court terminated this case based upon jurisdictional grounds. Neither the claims nor the jurisdiction issue are novel legal questions which would weigh in favor of granting attorneys' fees. *See, e.g.*, *Scottsdale Mem'l Health Sys., Inc.*, 791 P.2d at 1099 (concluding that the legal issue is novel, for example, when the Arizona Supreme Court decides an unanswered question of Arizona law).

### 6. Discourage Future Claims

Courts should consider "whether the award in any particular case would discourage other parties with tenable claims or defenses from litigating . . . for fear of incurring liability for substantial amounts of attorney's fees." *Goldberg*, 2009 WL 1327528, at *5. Based on the Court's early dismissal of these claims, any attorneys' fees award would be relatively small. Accordingly, an award of attorneys' fees in this case would not discourage future claims.

### C. Conclusion Regarding Attorneys' Fees

After balancing the above of the factors, the Court finds that awarding attorneys' fees under A.R.S. section 12-341.01 is not appropriate. Because the Court has decided to exercise

10

its discretion and not award attorneys' fees, the Court need not determine the reasonableness of the fees submitted.

### D.     Costs under Arizona Revised Statutes § 12-341

Riedel Defendants also request costs under A.R.S. section 12-341.  (Doc. 203 at 2). Costs, other than attorneys' fees, are grouped as either taxable or nontaxable costs. *Thompson v. StreetSmarts, Inc.*, No. CV-10-1885-PHX-LOA, 2011 WL 2600744, at *14 (D. Ariz. June 30, 2011).  The Riedel Defendants request costs for the following expenses: delivery service, photocopying, and court filing fees.  (Doc. 213-2 at 3, 12).

#### 1.     Taxable Costs

Awarding taxable costs is governed by federal law.  *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995) (applying federal procedure instead of state procedure to determine the amount of costs where a federal statute for costs conflicted with a state statute for costs); *Thompson v. StreetSmarts, Inc.*, No. CV-10-1885-PHX-LOA, 2011 WL 2600744, at *14 (D. Ariz. June 30, 2011) (holding that federal law should be applied when determining taxable costs).[4]

Pursuant to federal law, taxable costs can be recovered "with strict compliance" to the Federal Rules of Civil Procedure Rule 54(d)(1), Local Rules of Civil Procedure Rule 54.1(a), and 28 U.S.C. section 1920.  *Thompson*, 2011 WL 2600744, at *14.  Recoverable costs include:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under [28 U.S.C. section 1923]; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. section 1828].

28 U.S.C. § 1920.  Thus, recoverable costs under 28 U.S.C. section 1920 includes the Riedel

---

[4] Even if the Court applied Arizona law, all of costs the Riedel Defendants have requested are nontaxable under Arizona law and not recoverable pursuant to A.R.S section 12-341. *See Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 973 P.2d 106, 107 (Ariz. 1999).

11

1 Defendants' court filing fees and photocopying if "necessarily obtained for use in [this]
2 case." *See Id.*

3 The Local Rules of Civil Procedure Rule 54.1(a) specifies that "[a] party entitled to
4 costs shall, within fourteen (14) days after the entry of judgment" file with the Clerk a bill
5 of costs on a form provided by the Clerk.[5] LRCiv 54.1(a). Riedel Defendants did not file
6 a bill of costs with the Clerk within fourteen days and have not been granted an extension to
7 file a bill of costs.[6] As such, Riedel Defendants did not strictly comply with the local rules
8 and are no longer entitled to taxable costs under federal law.[7]

### 2. Nontaxable Costs

10 The Riedel Defendants' request for delivery service fees are not defined as a taxable
11 costs under 28 U.S.C. section 1920. *See* 28 U.S.C. § 1920. Therefore, the Riedel Defendants
12 seek nontaxable costs for delivery service pursuant to A.R.S. section 12-341. (Doc. 203 at
13 2). Section 12-341 states that "[t]he successful party to a civil action shall recover from his
14 adversary all costs expended or incurred therein unless otherwise provided by law." A.R.S
15 § 12-341.

16 The Arizona Supreme Court has held that costs pursuant to A.R.S. section 12-341 are
17 defined in A.R.S. section 12-332 as "expenses incurred for witness fees, deposition expenses,
18 certified copies, surety expenses, and other costs incurred pursuant to an agreement between
19 the parties." *Bach*, 973 P.2d at 107. Delivery charges are nontaxable costs under Arizona
20 law. *Id.*; *Thompson*, 2011 WL 2600744, at *14. Accordingly, the Riedel Defendants'
21 nontaxable delivery service expenses are not recoverable under A.R.S. section 12-341. *See*

---

[5] Attached to this order is the form that Riedel Defendants should have filled out and filed with the Clerk pursuant to Local Rule 54.1(a).

[6] Riedel Defendants did receive an extension to file their Reply in Support of Their Motion for an Award of Costs and Attorneys' Fees. (Doc. 209). The extension did not include more time to file a bill of costs with the Clerk.

[7] Plaintiffs also argue that Riedel Defendants did not comply with LRCiv 54.2(b)(1)(B) because the request for attorneys' fees did not estimate the amount of fees sought. The Court need not address this issue because the request for fees has been denied.

*Bach*, 973 P.2d at 107; *see also Thompson*, 2011 WL 2600744, at *14.

### E. Conclusion Regarding Costs

Because federal procedure governs taxable costs in this Court, Riedel Defendants did not timely file a bill of costs with the clerk and cannot recover their taxable costs. In addition, the other costs requested cannot be recovered under either A.R.S. section 12-341 or 28 U.S.C. section 1920.

## III. CONCLUSION

An award of attorneys' fees and costs is not warranted in this case.

Accordingly,

**IT IS ORDERED** that the Riedel Defendants' Motion for an Award of Costs and Attorneys' Fees (Doc. 203) is **DENIED**.

DATED this 21st day of February, 2012.

James A. Teilborg
United States District Judge